United States District Court
Southern District of Texas
**ENTERED**
March 28, 2022
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| TERESA B.,[1] | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 4:20-cv-2562 |
| KILOLO KIJAKAZI, | § § | |
| Acting Commissioner of Social Security, | § § | |
| *Defendant.* | § § § | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Teresa B. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("the Act").[2] The Parties filed cross-motions for summary judgment. Pl.'s MSJ, ECF No. 20; Def.'s MSJ,

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] On September 2, 2021, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Def.'s Consent, ECF No. 12; Pl.'s Consent, ECF No. 14; Order Transferring, ECF No. 13.

ECF No. 21. Plaintiff seeks an order rendering benefits or remand for further consideration, arguing that the ALJ's Residual Functional Capacity ("RFC") is not supported by substantial evidence because the record does not support the ALJ's finding that Plaintiff can perform detailed but not complex work. ECF No. 20. Commissioner counters, arguing that the ALJ's findings are proper and supported by substantial evidence. ECF No. 21. Based on the briefing, the record, and the applicable law, the Court determines that Plaintiff's motion for summary judgment should be denied and Defendant's motion for summary judgment should be granted.

## I.   BACKGROUND

Plaintiff is 46 years old, R. 20,[3] and completed high school. R. 20, 143. Plaintiff worked as a legal secretary. R. 20, 143–47. Plaintiff alleges a disability onset date of January 1, 2017. R. 13, 295. Plaintiff claims she suffers both physical and mental impairments. R. 13, 330.

On October 3, 2017, Plaintiff filed her application for disability insurance benefits under Title II of the Act. R. 295–301. Plaintiff based[4] her application on arthritis, depression, anxiety, panic attacks, and fibromyalgia. R. 170, 330. The

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 11.

[4] The relevant time period is July 1, 2017—Plaintiff's alleged onset date—through December 31, 2018—Plaintiff's last insured date. R. 13. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant time frame. *See Williams v. Colvin,* 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000).

Commissioner denied her claim initially, R. 238–41, and on reconsideration. R. 244–46.

A hearing was held before an Administrative Law Judge ("ALJ"). An attorney represented Plaintiff at the hearing. R. 138. Plaintiff and a vocational expert ("VE") testified at the hearing. R. 139. The ALJ issued a decision denying Plaintiff's request for benefits.[5] R. 8–21. The Appeals Council denied Plaintiff's request for review, thus upholding the ALJ's decision to deny disability benefits. R. 1.

Plaintiff appealed the Commissioner's ruling to this court. Compl., ECF No. 1.

## II.  STANDARD OF REVIEW

The Social Security Act provides for district court review of any final decision

---

[5] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step five. R. 21. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date through her date last insured. R. 13 (citing 20 C.F.R. 404.1571 *et seq*.). At step two, the ALJ found that Plaintiff has the following severe impairments: obesity, degenerative disc disease, fibromyalgia, and anxiety. R. 13 (citing 20 C.F.R. 404.1520 (c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 13–14 (referencing 20 C.F.R. 404.1520(d), 404.1525, and 404.1526). The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 CFR § 404.1567(b). R. 15. However, the ALJ added limitations, including that Plaintiff could occasionally climb ramps, stairs, ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; understand, remember, and carry out detailed, but not complex, instructions; use judgment to make detailed, but not complex, decisions; adapt to occasional changes in a routine work setting; and occasionally interact with supervisors, coworkers, and the general public. R. 15. At step four, the ALJ determined that through the date last insured, Plaintiff was unable to perform any past relevant work. R. 20. At step five, based on the testimony of the VE and a review of the report, the ALJ concluded that considering Plaintiff's age, education, work experience, and RFC, Plaintiff could make a successful adjustment to other work that exists in significant numbers in the national economy, including mail clerk, photocopy machine operator, and laundry press operator. R. 20–21. Therefore, the ALJ concluded that Plaintiff was not disabled. R. 21.

of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing. The findings of the Commissioner … as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.*

Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza*, 219 F.3d at 393. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*,

787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

## III.   BURDEN OF PROOF

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving her disability. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). The Act defines disability as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d) (1)(A) (2000). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3) (2000). The impairment must be so severe that the claimant is "incapable of engaging in any substantial gainful activity." *Foster v. Astrue*, No. H-08-2843, 2011 WL 5509475, at *6 (S.D. Tex. Nov. 10, 2011) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)). A claimant is eligible for benefits only if the onset of the impairment started by the date the claimant was last insured. *Id.* (citing *Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990)).

The Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to the Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## IV.   DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiff raises two issues. First, Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence and results from legal error. ECF No. 20 at 6–11. Second, Plaintiff contends that the ALJ erred in finding that Plaintiff retains the ability to perform other work existing in significant numbers in the national economy. *Id.* at 11–14. Defendant counters that the state agency assessments provided substantial support for the ALJ's RFC finding and the ALJ properly determined that Plaintiff could perform other work. ECF No. 21 at 2. The Court finds that the ALJ properly considered the medical evidence when determining Plaintiff's RFC analysis. Accordingly, the VE's testimony relying upon the RFC determination constitutes substantial evidence to support the ALJ's decision at step five.

### A. ALJ Properly Conducted Plaintiff's RFC Analysis.

Between the third and fourth steps of the sequential analysis, the ALJ must decide the claimant's RFC, which is defined as the most the claimant can still do despite his [or her] physical and mental limitations . . . based on all relevant evidence in the claimant's record." *Winston v. Berryhill*, 755 F. App'x 395, 399 (5th Cir. 2018) (citation omitted). The RFC determination is the "sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)).

When making the RFC determination, the ALJ must consider all medical opinions contained in the record. *Id.*; 42 U.S.C. § 405(b)(1). The ALJ must "incorporate limitations into the RFC assessment that were most supported by the record." *Conner v. Saul*, No. 4:18-CV-657, 2020 WL4734995, at *8 (S.D. Tex. Aug 15, 2020) (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). As an administrative factfinder, the ALJ is entitled to significant deference in deciding the appropriate weight to accord the various pieces of evidence in the record, including the credibility of medical experts and the weight to be accorded their opinions. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

### 1. *The ALJ properly considered the medical opinions of record.*

Plaintiff argues that the ALJ's finding that Plaintiff retains the ability to perform "detailed," rather than "simple" work, is not supported by any doctor of record. ECF No. 20 at 7. Rather, Plaintiff argues that the record, including the ALJ's own statements, support a finding that Plaintiff can perform no more than "simple" work. *Id.*

The Fifth Circuit has held that the RFC assessment is a function-by-function assessment based upon all the relevant evidence of an individual's ability to do work-related activities. *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) (remanding when ALJ failed to address every function of sedentary work). The ALJ must discuss the evidence and explain why he did or did not find Plaintiff to be disabled. 42 U.S.C.

§ 405(b)(1). However, the regulations do not require the ALJ to include "an exhaustive point-by-point discussion." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (explaining that an ALJ must offer some explanation to support her conclusion but not an exhaustive list); *Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010) ("[T]hat the ALJ cited certain evidence that he felt supported his decision does not mean that he failed to consider all of the other evidence in the record.").

Under the new rule regarding RFC determinations, the ALJ is no longer required to defer or give any specific evidentiary weight to any medical opinion or prior administrative finding. 20 C.F.R. § 404.1520c(a).[6] Instead, the ALJ is required to consider all medical opinions and prior administrative medical findings using specific factors: (1) supportability; (2) consistency; (3) the physician's relationships with the claimant, which includes considering the length, purpose, and extent of the treatment relationship, the frequency of examinations, and the examining relationship; (4) the physician's specialization, and (5) other factors. 20 C.F.R. § 404.1520c(b).[7] The most important factors are consistency and supportability. *Id.;*

---

[6] For claims filed after March 27, 2017, the new guidelines have eliminated the former requirement that the ALJ give deference to the opinions of treating physicians. *Garcia v. Saul*, No. SA-19-CV-01307-ESC, 2020 WL 7417380, at *4 (W.D. Tex. Dec. 18, 2020) (explaining that despite new regulations, previous decisions are still relevant as supportability and consistency have always been the most important considerations). Because Plaintiff's claim was filed on October 3, 2017, this new rule applies.

[7] Other factors include evidence showing the medical source is familiar with the other evidence in the claim, or that the medical source understands the disability program's policies and evidentiary policies. 20 C.F.R. § 404.1520c(b).

*Garcia*, 2020 WL 7417380, at \*4. Under the new guidelines, the ALJ must articulate how persuasive he finds each of the opinions in the record. 20 C.F.R. § 404.1520c(b).

In his RFC assessment, the ALJ considered the medical opinions of Dr. Tamar Brionez, the state agency medical consultants ("SAMCs"), the medical records, and Plaintiff's testimony. R. 16–19. Regarding Plaintiff's mental health, the ALJ reviewed and summarized Dr. Brionez's source statement, the SAMCs' functional reports, and Plaintiff's testimony concerning her functional capacity. *Id.*[8] The ALJ found that the medical record, Plaintiff's reported activities, and the SAMCs' opinions supported a finding that Plaintiff could understand, remember and carry out detailed, but not complex, instructions; use judgment to make detailed, but not complex, decisions; adapt to occasional changes in a routine work setting; and occasionally interact with supervisors, coworkers, and the general public. R. 19.

The ALJ considered Dr. Brionez's opinion, reflected in a fibromyalgia residual functional capacity questionnaire. R. 18. Dr. Brionez treated Plaintiff for

---

[8] The ALJ summarized Plaintiff's hearing testimony concerning her functional limitations. R. 15. Plaintiff testified that she is unable to maintain the concentration and social interaction required to sustain regular employment. R. 15. Plaintiff also testified that she cannot read books due to depression and fibromyalgia fog. *Id.* (referencing R. 158–59). Plaintiff complained that her mental impairments also result in anger and irritability issues, causing her to lash out in violent ways. *Id.* (referencing R. 161). Plaintiff further testified that she has panic attacks twice a month, *id.* (referencing R. 155), and "bad days" four days out of the week during which she is unable to do much more than leave her room. *Id.* (referencing R. 158). The ALJ reasoned that while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. R. 15–16.

fibromyalgia between November 2018 and March 2019. R. 602–64 (3/29/19); R. 761 (8/2/19). Dr. Brionez diagnosed Plaintiff with fibromyalgia and opined that this impairment frequently interferes with her attention and concentration. R. 761– 66 (8/2/19). The ALJ credited Dr. Brionez's statement as fulfilling the evidence required to consider fibromyalgia as a medically determinable impairment. R. 18. In determining the RFC, however, the ALJ found the opinion to be unpersuasive because Dr. Brionez failed to answer the questions about Plaintiff's physical functioning limitations, R. 18, noting that a further examination was necessary. *See* R. 764-66. The ALJ also noted that, although Dr. Brionez had seen Plaintiff over the course of four months beginning in November 2018—one month before the date last insured, the statement was written in August 2019—five months after the last visit. *Id.* The ALJ further found that Plaintiff had complained only of mild symptoms during her treatment with Dr. Brionez.[9] *Id.*

In contrast, the ALJ found the opinions of the state agency medical consultants ("SAMC"), Dr. Susan Posey and Dr. Margaret Meyer, to be persuasive. R. 19. Dr. Posey opined that Plaintiff has mild difficulties understanding, remembering, or applying information; moderate difficulties interacting with others; moderate difficulties maintaining concentration, persistence, or pace; and no difficulties

---

[9] R. 635 (12/13/18) (Plaintiff described her symptoms as swelling in the hands and tops of her feet in the afternoon only); R. 663 (11/26/18) (Plaintiff reported that she was doing well with no fibromyalgia pain in the last three months).

adapting and managing oneself. R. 173 (4/17/18). Dr. Meyer concurred with Dr. Posey's assessment, except that Dr. Meyer opined that Plaintiff has moderate difficulties adapting and managing oneself. R. 201 (8/4/18). Both Dr. Posey and Dr. Meyer opined that Plaintiff could understand, remember, and carry out detailed, but not complex, instructions; make decisions; attend and concentrate for extended periods; accept instructions; and respond adequately to changes in routine work setting. R. 178 (4/17/18); R. 206 (8/4/18). The ALJ found that the SAMCs' opinions were consistent with the medical evidence as a whole, and that Dr. Meyer's opinion was better supported by the evidence. R. 19.

Plaintiff contends that the ALJ erred in his consideration of Dr. Brionez's opinion because, in addition to finding that Plaintiff's condition frequently interferes with her attention and concentration, Dr. Brionez also explained that Plaintiff suffers from chronic fatigue, anxiety, panic attacks, depression, and chronic fatigue syndrome. ECF No. 20 at 7 (citing R. 761). However, as Defendant notes, these additional impairments were not tied to any work-related limitations, and, therefore, the ALJ was not required to consider them. *Moore v. Astrue*, No. 1:08-CV-020-C, 2009 WL 804133, at *5 (N.D. Tex. Mar. 26, 2009) (substantial evidence supported ALJ's weighing of psychological consultative examiner who did not indicate specific work-related limitations); *see also Parks v. Colvin*, No. 14-2410, 2016 WL 915615 (E.D. La. Jan. 27, 2016) (substantial evidence supported ALJ's decision not

to find additional severe impairments because the record did not support work-related limitations attributable to other impairments).

Plaintiff also contends that the ALJ erred when he failed to consider Dr. Brionez's explanation that Plaintiff's medication causes sedation. ECF No. 20 at 7 (citing R. 764). While the ALJ did not reference Dr. Brionez's comment about Plaintiff's medication, the ALJ did note that Dr. Brionez opined that Plaintiff's condition frequently interferes with her attention and concentration. R. 18. Side effects of medication used to treat a condition are part of the overall effect of a condition, and sedation is an effect that interferes with a person's attention and concentration. The Court therefore finds that the ALJ properly considered Dr. Brionez's opinion on the effects of Plaintiff's fibromyalgia. *See Brunson*, 387 F. at 461 ("[T]hat the ALJ cited certain evidence that he felt supported his decision does not mean that he failed to consider all of the other evidence in the record.").

Plaintiff further contends that the ALJ erred in his consideration of the SAMCs' opinions because the SAMCs limited Plaintiff to "simple" work. ECF No. 20 at 9–10. However, Plaintiff misstates the record. The SAMCs opined that Plaintiff can understand, remember, and carry out "detailed but not complex instructions." R. 178 (4/17/18); R. 206 (8/4/18). While the ALJ misquoted the SAMCs' testimony in his description of their evaluations, stating that they opined Plaintiff can understand, remember, and carry out only "simple instructions," R. 19, in the ALJ's

RFC finding, the ALJ properly provided that the Plaintiff can understand, remember, and carry out "detailed, but not complex, instructions," R. 15, consistent with the SAMCs actual findings. Therefore, the Court finds that the ALJ's misstatement in his description of the SAMCs' evaluations is a harmless scrivener's error.[10]

The ALJ is entitled to significant deference in deciding the credibility of medical experts and the weight to be accorded their opinions. *See Scott*, 770 F.2d at 485. This Court may not reweigh the evidence nor substitute its judgment for that of the ALJ. *Brown*, 192 F.3d at 496. Therefore, the Court finds that the SAMCs' opinions provide substantial evidence to support the ALJ's RFC determination.

### 2. The ALJ did not commit reversible error when weighing Plaintiff's testimony.

Plaintiff argues that the ALJ committed reversible error when he found

---

[10] Where the ALJ's intent is apparent, an error or contradiction in a decision may be excused as a scrivener's error. *Galvan v. Berryhill*, No. 4:15-CV-3718, 2018 WL 993882, at *3 n.3 (S.D. Tex. Feb. 21, 2018) (citing *Dukes v. Colvin*, No. 3:14-CV-173-BF, 2015 WL 1442988, at *4 (N.D. Tex. Mar. 31, 2015)). In cases where the error has no effect on the analysis or the outcome, courts again consider it to be a scrivener's error. *See, e.g.*, *Wills v. Colvin*, No. 1:14-CV-504, 2016 WL 792693, at *6–7 (E.D. Tex. Mar. 1, 2016) (holding that a single mention in ALJ's decision that claimant was able to perform light work, where the ALJ stated later in the opinion that claimant was able to perform medium work, constituted a scrivener's error because other evidence in the opinion indicated ALJ's intent to limit claimant to medium work); *Madison v. Astrue*, No. 3:CV-07-364, 2008 WL 2962337, at *6 (M.D. Pa. July 29, 2008) (finding the ALJ's use of the phrase "unable to perform any past relevant work" in the heading of his analysis in step four amounted to a scrivener's error because the ALJ went on to step five and found that claimant could perform other work in the national economy). In contrast, where the error alters the outcome of the ALJ's decision, courts have found that it amounts to more than a mere transcription or typographical error. *See, e.g.*, *Smith v. Colvin*, No. 3:15-CV-2964-BH, 2016 WL 5086073, at *10–11 (N.D. Tex. Sept. 19, 2016) (rejecting Commissioner's argument that ALJ's error constituted a scrivener's error because RFC was inconsistent with the step five determination and evidence in record did not clearly reveal the ALJ's intent).

Plaintiff's statements inconsistent with the medical records because she had not attempted to perform work that is unskilled in nature and allows for few social interactions. ECF No. 20 at 10–11 (citing R. 18).

In conducting his RFC analysis, the ALJ found that Plaintiff's subjective complaints were only partially consistent with the evidence of record. R. 18. In reaching this conclusion, the ALJ noted that Plaintiff has a skilled work history but that she had not attempted or considered work that could be done with her limitations. *Id.* In particular, the ALJ pointed out that Plaintiff had only made a couple of brief attempts to perform work that was at least semi-skilled in nature and required considerable interaction with others. *Id.* The ALJ held that Plaintiff's lack of any attempt to perform work that is more consistent with her RFC weighed against a finding of consistency between her subjective complaints and the evidence. *Id.*

Plaintiff argues that there is no requirement that a claimant attempt to perform any work once her past relevant work has ended, and even so, a claimant is not able to know the limitations that the ALJ finds are consistent with the record until after the ALJ's decision has been issued and an RFC decided. ECF No. 20 at 10–11. Plaintiff contends that this alleged error alone warrants remand. *Id.* at 11.

However, Plaintiff does not cite any legal authority in support of her contention. Plaintiff has, therefore, failed to adequately brief this error and Plaintiff's briefing is insufficient to address this issue. *Magee v. Life Ins. Co. of N. Am.*, 261 F.

Supp. 2d 738, 748 n.10 (S.D. Tex. 2003) ("[F]ailure to brief an argument in the district court waives that argument in that court.").

Nonetheless, even if Plaintiff properly briefed this issue, the ALJ did not err in his consideration of Plaintiff's testimony. While Plaintiff is correct that there is no requirement that Plaintiff exhaust her job search before filing for disability insurance benefits, 42 U.S.C. § 423, any consideration of this factor is harmless error. A claimant's work history is a factor that the ALJ can consider when weighing the credibility of a claimant's testimony. SSR 96-7p, 1996 WL 374186, at *3. Moreover, the ALJ considered and relied on other factors when weighing Plaintiff's credibility, including her reported activities and the medical evidence. R. 16–18.

The ALJ noted that Plaintiff reported that she cares for her personal needs, performs light household chores, operates a motor vehicle, and shops for groceries and other necessities. R. 18 (referencing R. 406–11 (6/26/18)). The ALJ further found that "much of [Plaintiff's] testimony is unsupported in the record during the relevant period." R. 17. As support for this finding, the ALJ observed that Plaintiff's allegation that she needed to use the restroom frequently and experienced four "bad days" per week is not discussed in the treatment records. R. 17. The ALJ also discussed Plaintiff's medical treatment history. R. 17–18. Although both treating rheumatologists determined that Plaintiff's pain likely stemmed from fibromyalgia, R. 546 (10/12/17); R. 663 (11/26/18), neither recommended aggressive treatment,

16

Instead, their conservative treatment was limited to routine medication refills.[11] R. 17. Consistent with this course of treatment, Plaintiff routinely described her pain as mild to moderate. R. 544 (10/12/17); R. 576 (2/21/18); R. 634–35 (12/13/18); R. 663 (11/26/18). Plaintiff similarly received only conservative treatment for her mental impairments, which consisted of a few therapy sessions between June 2018 and July 2019 and medication.[12] R. 18.

Therefore, the Court finds that, in making his credibility determination, the ALJ properly considered several relevant factors, including Plaintiff's daily activities and the medical evidence. *Britton v. Saul*, 827 F. App'x 426, 431 (5th Cir. 2020) (affirming ALJ's decision and granting "great deference" to ALJ's evaluation of claimant's credibility when he afforded greater weight to medical opinions than claimant's testimony); *Wills*, 2016 WL 792693, at *6 (affirming ALJ's credibility determination when he considered several factors, including the circumstances surrounding Plaintiff's job search and physical ability, daily activities, and the medical evidence). Credibility determinations are generally entitled to great deference, *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). In this case, the ALJ's credibility determination is proper and supported by substantial evidence.

---

[11] R. 578 (2/21/18) (Toradol added to Plaintiff's medications); R. 586 (4/2/18) (Cymbalta added to Plaintiff's medications); R. 663 (11/30/18) (physician recommended continuing medications); R. 756 (5/23/18) (Plaintiff reports medications are helping some).

[12] R. 598–99 (7/2/18) (notes from therapy sessions with Dr. Jimmy Sethna); R. 666–74 (7/11/19) (same).

### B. Substantial Evidence Supports the ALJ's Step Five Findings.

Plaintiff claims that the ALJ improperly incorporated Plaintiff's ability to perform "detailed" work in the hypothetical questions to the VE, and, as a result, the VE's responses do not apply to a claimant who, like Plaintiff, actually retains the ability to perform only "simple" work. ECF No. 20 at 13. Accordingly, Plaintiff argues that the ALJ's reliance on the VE's testimony to find that Plaintiff retains the ability to perform other work existing in significant numbers in the national economy is unsupported by substantial evidence. ECF No. 20 at 14. Defendant argues in response that the VE's testimony constitutes substantial evidence for the ALJ's step five finding. ECF No. 21 at 10.

"A vocational expert is called to testify because of his familiarity with job requirements and working conditions. 'The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed.'" *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (quoting *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986)). It is well settled that a VE's testimony, based on a properly phrased hypothetical question, constitutes substantial evidence. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994); *see also Biestek*, 139 S. Ct. at 1155 ("[A] vocational expert's testimony may count as substantial evidence even when unaccompanied by supporting data.").

Here, the VE testified that a person with Plaintiff's age, education, past work experience, and RFC could perform Plaintiff's past relevant work as an accountant as well as the jobs of check cashier and payroll clerk. R. 19–20; R. 39–40. Because the Court finds that substantial evidence supports the ALJ's inclusion in her RFC determination that Plaintiff could perform "detailed" work, the VE's testimony relying upon the RFC determination constitutes substantial evidence to support the ALJ's decision at step five. *See Okert v. Colvin*, No. 4:15-cv-00435, 2016 WL 1266966, at *15 (S.D. Tex. Mar. 31, 2016) (dismissing argument that the ALJ's step five determination was tainted by inaccurate evaluations of Plaintiff's RFC and her credibility where the ALJ did not err in evaluating Plaintiff's RFC or her credibility).

## V. CONCLUSION

Therefore, it is **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 20, is **DENIED**. It is further **ORDERED** that Defendant's motion for summary judgment, ECF No. 21, is **GRANTED**. The decision of the Commissioner is **AFFIRMED**. This case is **DISMISSED**.

SIGNED at Houston, Texas, on March 27, 2022.

_Dena Palermo_
_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**